## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 10-80867-CIV-HURLEY/HOPKINS

PIERO A. BUGONI,

      **Plaintiff,**

vs.

IRV SLOSBERG, et al.,

      **Defendants.**

_____/

### ORDER DISMISSING CASE WITH PREJUDICE

**THIS CAUSE** is before the court upon review of plaintiff's *in forma pauperis* amended complaint [DE # 8].

### BACKGROUND

Plaintiff, who is proceeding *pro se*, filed this action pursuant to 28 U.S.C. 1983.  Since plaintiff lacked the means to pay the filing fee for his complaint, the court granted his request to proceed *in forma puaperis* pursuant to 28 U.S.C. § 1915.  However, because plaintiff's complaint was disjointed and confusing, the court could not determine whether his action was frivolous.  As a result, the court ordered him to file an amended complaint containing a "short and plain statement." Fed. R. Civ. P. 8(a)(2).  Plaintiff then filed the operative amended complaint.

The amended complaint alleges a series of constitutional violations against numerous people and entities.  Essentially, plaintiff claims that his driver's license was wrongly suspended pursuant to unconstitutional traffic laws, and that he was subjected to false arrest, police harassment, wrongful confinement, and suppression of constitutionally protected speech for driving on the wrongfully suspended license.  Plaintiff, who is attempting to assert a class of all Florida drivers, names thirty-two defendants, including state court judges, bailiffs, police officers, state officials, and a police dog.

## DISCUSSION

### A.      Compliance with the Federal Rules of Civil Procedure

Under Fed. R. Civ. P. 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." As the court previously instructed, this "means that plaintiff's complaint must separate various causes of action into separate counts and state, in plain and simple English, which of the defendants is liable for the conduct alleged in each count, what rights the defendants violated, what laws support the allegations, and what relief is sought." *See* DE # 5. While the court is required to construe Plaintiff's *pro se* pleadings liberally, it is not required to write his deficient pleadings. *See GJR Investments, Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998). Further, even a *pro se* litigant such as plaintiff must conform to procedural rules. *See Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002).

The amended complaint here fails to comply with Rule 8(a). Rather than being plain and simple, the amended complaint here is disjointed and repetitive. Instead of separating each cause of action into separate counts and identifying the facts which support each count, the amended complaint instead lumps facts and causes of action together, often in a single paragraph. This makes it difficult, if not impossible, to determine what facts support what causes of action. Further, rather than alleging a factual scenario once and explaining what defendants were involved, the amended complaint repeats each scenario for each defendant. Moreover, the complaint is riddled with allegations that are so irrelevant and offensive that including them in the complaint is completely inappropriate. For example, plaintiff repeatedly calls certain defendants "idiots" and asserts that others are "full of shit." Therefore, the court will dismiss the complaint for failure to comply with the Federal Rules of Civil Procedure.

### B.      Frivolity Review

The district court must dismiss a case filed *in forma pauperis* if at any time the court

2

determines the action: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(I). A complaint is considered to be frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

After carefully reviewing the amended complaint, the court concludes that plaintiff's action is frivolous and must be dismissed. Many of the claims are patently frivolous and could be summarily dismissed, such as plaintiff's claim against a police dog, while others fail to state a claim upon which relief may be granted. In addition, much of the relief plaintiff seeks is plainly frivolous. For example, plaintiff seeks declaratory a judgment that defendant "Jones is an idiot," an injunction prohibiting defendants from operating "a motor vehicle anywhere under Federal Jurisdiction for the rest of their natural lives," and an injunction requiring that defendants "transcribe by their own hand, a compendium of statutory and Constitutional provisions." Nonetheless, the court, having carefully reviewed the complaint, will analyze each claim in turn.

   *1.     Irv Slosberg*

Plaintiff sues Irv Slosberg for advocating the passage of an alleged unconstitutional traffic law. According to the amended complaint, Mr. Slosberg was a private citizen at the time of his advocacy; since then, Mr. Slosberg has become a member of the Florida House of Representatives.

Plaintiff fails to state a cause of a action against Mr. Slosberg for several reasons. Foremost, plaintiff fails to state what his cause of action is; he simply alleges facts and then asserts that plaintiff is not entitled to immunity under the First Amendment. But to state a claim against Mr. Slosberg, plaintiff must actually state the claim.

Construing plaintiff's *pro se* complaint liberally, the court believes that plaintiff is attempting

to assert a § 1983 First Amendment claim against Mr. Slosberg.  Such a claim is without merit for a couple reasons.  First, Mr. Slosberg was a private actor at the time of the actions alleged in the complaint, and activity is not actionable under § 1983 unless taken under color of state law. Additionally, under the *Noerr -Pennington* doctrine, which is rooted in the First Amendment right to petition government, a private individual such as Mr. Slosberg is immune from suit for petitioning the government for passage of laws.  *See* U.S. Const. Amend. I (protecting "the right of the people ... to petition the Government for redress of grievances."); *United Mine Workers of Am. v. Pennington,* 381 U.S. 657, 670 (1965)*; see also Gorman Towers, Inc. v. Bogoslavsky*, 626 F.2d 607 (8th Cir. 1980) (observing that "courts have held individual defendants constitutionally immune from liability for exercising their right to petition").  Accordingly, the court will dismiss Mr. Slosberg from this action.

2.    *Judges, Hearing Officers, and Clerk of Court*

Plaintiff sues Judges Jane Roe #1 and #2 (the "Judges") because they "refused to allow plaintiff to present his case," ordered him "held in custody for a crime he did not commit," and gave him no "meaningful opportunity to be heard."  The law is well-settled that judges are entitled to absolute judicial immunity for those acts taken while they are acting in their judicial capacity, unless they acted in the clear absence of all jurisdiction.  *Mireles v. Waco*, 502 U.S. 9, 11 (1991).  A judge does not act in the "clear absence of all jurisdiction" when he acts erroneously, maliciously, or in excess of his authority, but only when he acts without subject-matter jurisdiction.  *Dykes v. Hosemann*, 776 F.2d 942, 947-48 (11th Cir. 1985).  Here, plaintiff sues the Judges for acts that are quintessentially judicial.  Since plaintiff has not alleged that the Judges acted without subject-matter jurisdiction, they are entitled to absolute immunity.  *See Holt v. Crist*, 233 Fed.Appx. 990, *3 (11th Cir. 2007) (judge entitled to absolute immunity for issuance of orders); *see also Forrester v. White*, 484 U.S. 219, 227 (1988) (absolute judicial immunity applies to "the paradigmatic judicial acts

4

involved in resolving disputes between parties who have invoked the jurisdiction of a court").

Likewise, defendants Hearing Officers Lenoff and Albert are absolutely immune from suit. Hearing officers are "entitled to the same level of immunity as any other state court judge in the State of Florida." *See Koger v. Keith*, 2008 WL 299028, at * 2 (S.D. Fla. Feb. 1, 2008). The amended complaint alleges that Hearing Officer Albert refused to allow plaintiff discovery and prevented him from presenting a meaningful defense during trial, and that Hearing Officer Lenoff failed to exercise proper control over her courtroom. Because the Hearing Officers did not act in "clear absence of all jurisdiction," the doctrine of absolute immunity bars this action against them.

Similarly, non-judicial officials, including clerks of court, are entitled to absolute immunity for "duties that are integrally related to the judicial process." *Jenkins v. Clerk of Court*, 150 F. App'x. 988, 990 (11th Cir. 2005). Therefore, the claim against Sharon R. Bock, Clerk & Comptroller - Palm Beach County, Florida for failing "to update records with the Florida DHSMV [Department of Highway Safety and Motor Vehicles] after plaintiff appeared" in court and defended against the charges is barred by the doctrine of qualified immunity. In addition, even were Sharon R. Bock not entitled to absolute immunity, the claim against her would fail, because the failure to update driving records, without more, does not amount to a constitutional violation.

Plaintiff also sues Julie L. Jones, the Executive Director of the Florida Department of Highway Safety and Motor Vehicles ("DHSMV"), because the "DHSMV failed . . . to update its records." Like the claim against Sharon R. Bock, this claim fails because plaintiff has not alleged a constitutional violation.

       *3.*    *Private Actors*

Plaintiff sues Duvall Towing Steve, Duvall Towing Steve's Son, Duvall Towing Owner #1, and Duval Towing Manager #1 (collectively, the "Duvall Defendants") for towing his vehicle without his permission. "To establish a claim under 42 U.S.C. § 1983, a plaintiff must prove: (1)

a violation of a constitutional right, and (2) that the alleged violation was committed by a person acting under color of state law." *Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005).  Here, the Duvall defendants are private citizens and, thus, are not subject to a § 1983 claim.  *See Barber v. Doe*, 2009 WL 4892320, at * 3 (S.D. Fla. Dec. 16, 2009) (holding that a towing company is not a state agent for purposes of § 1983).  In addition, the harm alleged in the complaint – *i.e.*, towing a car without the owner's permission and refusing to return it until a fee was paid – does not implicate a constitutional right.  Accordingly, the claims against the Duvall Defendants have no merit.

        4.    *Lawyer*

Next, plaintiff sues Mystery Lawyer #1 (the "lawyer"), a public defender who assisted plaintiff in a state court criminal proceeding.  The complaint alleges that the lawyer represented plaintiff even though plaintiff insisted on his right to represent himself, and that the lawyer's representation was ineffective.  The Supreme Court has held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County, et al. v. Dodson*, 454 U.S. 312, 325 (1981); *see Mills v. Criminal District Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) ("[P]rivate attorneys, even court-appointed attorneys, are not official state actors and . . . are not subject to suit under section 1983.").  Thus, plaintiff's claim against the lawyer is without merit.

        5.    *Bailiffs*

Plaintiff sues Bailiff #3 for "grabbing him" and Bailiff #5 for "pushing" him while he was attempting to talk to a state court judge.  Although plaintiff does not specify a constitutional violation, the court construes these allegations as a § 1983 claim for excessive force in violation of the Fourteenth Amendment.  The Supreme Court has ruled that not "every malevolent touch . . . gives rise to a federal cause of action." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992).  Rather, a claim for excessive force requires a showing that the force was applied "maliciously and sadistically to

cause harm." *Id.*; *see Wilkins v. Gaddy*, 130 S.Ct. 1175, 1178 (2010). Here, plaintiff has not alleged that he was grabbed or pushed in a malicious and sadistic manner, nor has he alleged that he suffered an injury of any kind. *See Gaddy*, 130 S.Ct. at1179 (observing that the mere allegation "of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim"). Thus, the claims against those bailiffs are without merit.

The amended complaint mentions Bailiff #1 only in passing, alleging in a single sentence that Bailiff #1 told plaintiff "Shhhhh!" while he was before a judge. The complaint does not explain what constitutional right Bailiff #1 violated, nor does it even assert a cause of action against Bailiff #1. Accordingly, this claim is frivolous and must be dismissed.

The amended complaint alleges that Bailiff #2 harassed plaintiff by attempting to prevent him from talking to a hearing officer during court proceedings, and that Bailiff #4 harassed plaintiff during his trial by "entering plaintiff's personal space, repeatedly pointing a finger annoyingly at plaintiff, and attempt[ing] to tell plaintiff how [to] speak." The court is unable to discern a cognizable constitutional claim from these allegations. To the extent that the Bailiffs "harass[ed]" plaintiff and "enter[ed] plaintiff's personal space," the court notes that those allegations might support a state-law cause of action against the Bailiffs, but do not establish a constitutional violation. To the extent plaintiff attempts to assert a First Amendment claim against the Bailiffs, the court notes that the complaint fails to allege facts showing that the Bailiffs prevented him from meaningfully accessing the courts. Rather, the complaint seems to take issue with the way the bailiffs maintained order in the courtroom. These allegations are insufficient to state a § 1983 claim.

The amended complaint alleges that, when plaintiff attempted to talk to a judge who was not in open court about his case, Bailiff Irvine yelled at plaintiff and told him that he could not talk to the judge. Plaintiff alleges that Bailiff Irvine violated his due process rights. However, it appears

7

that Bailiff Irvine was simply preventing a *ex parte* conversation with the judge.  The allegations do not support a § 1983 claim.

      6.    *Entities*

Plaintiff sues Fraternal Order of Police Lodges 35 and 50 (collectively, the "Fraternal Orders") as the "labor bargaining unit[s] which represents individual members of [the] class of defendant Traffic Enforcement Officers."   The Fraternal Order of Police is a national labor organization, with union locals in various states.  *Lowe v. Washington D.C.*, 2007 WL 1412424, at * 5 (M.D. Ala. May 1, 2007).  Generally, private entities such as unions are not state actors and therefore do not act under color of law.  *Hudson v. Chicago Teachers Union Local No. 1*, 743 F.2d 1187, 1190-91 (7 Cir. 1984).  Here, plaintiff has not alleged that Fraternal Orders were acting under color of state law.  Nor has he alleged that they committed a constitutional violation.[1]  Thus, he has not alleged a cognizable § 1983 claims against the Fraternal Orders.

      7.    *Sabre*

Plaintiff sues police dog named "Sabre" for "making false accusations of plaintiff committing crimes."  This claim is frivolous and must be dismissed.

      8.    *Shvonne Butler*

Next, plaintiff asks the court to enjoin a pending state court criminal proceeding against non-party Shvonne Butler, claiming that she is a "patriot" who has "done nothing wrong."  Plaintiff lacks standing to bring this claim. Further, "principles of equity, comity, and federalism" preclude a federal district court from staying state court proceeding where, as here, no special circumstances are

---

[1]  The court notes that the Fraternal Orders cannot be held liable for the unconstitutional acts of their members on the basis of respondeat superior or vicarious liability.  *Cottone v. Jenne,* 326 F.3d 1352, 1360 (11th Cir. 2003).

present. *Mitchum v. Foster*, 407 U.S. 225, 243 (1972).

>        9.      *Police Officers*

Plaintiff attempts to sue numerous police officers for alleged constitutional violations that took place on two separate occasions.  On the first occasion, the complaint alleges that the officers arrested him and initiated criminal charges against him for driving with a suspended license, even though he showed them documentation that his license was not suspended.  Further, he alleges that the officers performed a warrantless search and seizure.  On the second occasion, he alleges that police officers detained him while a police dog sniffed the exterior of his car and then performed a warrantless search when the dog "alerted" to drugs.  Although plaintiff does not assert specific causes of actions against the police offers, the court construes the complaint as asserting claims for malicious prosecution and illegal search and seizure.

>        a.      *First Occasion*

To prove malicious prosecution under § 1983, a plaintiff must establish "(1) the elements of the common law tort of malicious prosecution, and (2) a violation of [his] Fourth Amendment right to be free from unreasonable seizures." *Kingsland v. City of Miami*, 382 F.3d 1220, 1234 (11th Cir.2004).  To establish the common law tort of malicious prosecution under Florida law, where the alleged events took place, plaintiff must show that (1) an original judicial proceeding was commenced or continued against him; (2) the officers were the legal cause of the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in plaintiff's favor; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the officers; and (6) plaintiff suffered damages as a result of the original proceeding.  *Id.*

Here, plaintiff alleges that the officers wrongly arrested him for driving on a suspended

9

license, relying on their records which showed that his drivers license was suspended, while failing to credit plaintiff's documentation which showed that his license was valid.  These allegations, which the court credits are true, do not establish an absence of probable cause.  Probable cause exists when "the facts and circumstances within the officer's knowledge, of which he or she has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Williamson v. Mills*, 65 F.3d 155, 158 (11th Cir.1995).  Here, despite plaintiff's evidence to the contrary, the officers belief that plaintiff's license was suspended was reasonable, given what their records showed.  Moreover, plaintiff has failed to allege that he suffered any damages as a result of the proceeding or that the officers acted with malice.  Thus, his complaint fails to properly allege a § 1983 malicious prosecution claim.

Plaintiff's § 1983 claim for unlawful search and seizure also fails.  Under *New York v. Belton*, police officers are allowed to perform warrantless vehicles searches pursuant to the search-incident-to-arrest exception to the Fourth Amendment's warrant requirement. 453 U.S. 454, 460 (2004).  Therefore, the police officers were permitted to search plaintiff's car when they arrested him for driving with a suspended license.

Plaintiff loosely asserts violations of state statutes, claiming that certain officers committed such state-law offenses as harassment, trespass, assault, among others.  The court notes that these claims are not cognizable under § 1983 because they do not involve a constitutional violation.

> b.      *Second Occasion*

Plaintiff alleges that his Fourth Amendment right was violated when he was detained while a police dog sniffed the exterior of his car.  However, the Supreme Court has held that a dog sniff conducted during a lawful traffic "stop that reveals no information other than the location of a

substance that no individual has any right to possess does not violate the Fourth Amendment." *Illinois v. Caballes*, 543 U.S. 405, 410 (2005).

Police officers have probable cause to perform a warrantless search during a traffic stop "when a drug-trained canine alerts to drugs." *United States v. Banks*, 3 F.3d 399, 402 (11th Cir. 1993) (collecting cases). Thus, the police officers here was allowed to search plaintiff's car after the dog "alerted" to drugs.

A Fourth Amendment violation would occur if police conducted a dog sniff while an individual was unlawfully detained "during an unreasonably prolonged traffic stop." *Caballes*, 543 U.S. at 407-08. Here, however, plaintiff has not alleged that he was detained for an unreasonable time. Thus, plaintiff has not alleged a Fourth Amendment violation and his claim must be dismissed.[2]

> 10.   *Traffic Enforcement Officers*

Plaintiff sues "Traffic Enforcement Officers," a purported class of all police officers who enforce Florida traffic laws, for enforcing allegedly unconstitutional statutes and for engaging in a scheme to violate the constitutional rights of drivers in Florida. As best the court can tell, the complaint alleges that the laws prohibiting drivers from operating a vehicle without a seat belt and banning persons with a suspended driver's license from operating a vehicle are unconstitutional. *See* Fla. Stat. §§ 316.614, 322.34. Having carefully reviewed the complaint and the statutes, the court finds no grounds upon which the statutes could be declared unconstitutional. Therefore, the court will dismiss this claim as frivolous.

---

[2] Plaintiff alleges that "BBPD Sergeant Obnoxious . . . attempted to fondle Plaintiff" as he touched plaintiff's shirt. While these allegations might support a state-law claim against defendant, they do not establish a constitutional violation.

11

11.   *Manager Kerry*

Plaintiff alleges that he attempted to distribute"literature he had written" about the "subject matter of this case" at the Department of Highway Safety and Motor Vehicles ("DHSMV") office in Delray Beach, Florida in an attempt to notify other drivers of their rights and this lawsuit, but was prohibited from doing so by defendant Kerry, a manager of the DHSMV.  Plaintiff asserts a First Amendment claim against defendant Kerry.

The Supreme Court has recognized that passing out leaflets is an activity protected by the First Amendment. *Hill v. Colorado*, 530 U.S. 703, 715 (2000).  But this right "is not without limitation."  *Amnesty Int'l, USA v. Battle*, 559 F.3d 1170 (11th Cir. 2009).

District courts have found that "the inside a DMV branch office is a nonpublic forum."  *See, e.g., Avedisian v. Holcomb*, 853 F.Supp. 185, 188 (E.D. Va.  1994).  "The government can restrict access to the nonpublic forum as long as the restrictions are reasonable and are not an effort to suppress expression merely because public officials oppose the speaker's view." *Ark. Educ. Television Comm'n v. Forbes*, 523 U.S. 666, 677-78 (1998) (citations and alteration omitted).

Here, plaintiff attempted to leaflet at a DHSMV office.  Such offices are often small and overflowing with customers who are anxious to complete their business in the least amount of time possible.  Prohibiting leafleting inside such offices is reasonable method of avoiding annoyance of customers, of preventing further congestion of the offices, and of preventing the DHSMV from becoming entangled in political and legal controversies such as the instant one.  Accordingly, it was reasonable for Manager Kelly to prohibit plaintiff from leafleting, and this claim will be dismissed.

12.   *Miscellaneous Defendants*

Plaintiff vaguely mentions police officers "John Doe #1 - #10."  He attempts to assert constitutional claims against them, but provides no facts showing a constitutional violation. Thus,

Order Dismissing Case
Bugoni v. Slosberg, et al.
Case No. 10-80867-CIV-HURLEY/HOPKINS

these claims must fail.

## CONCLUSION

For the reasons given above, it is hereby **ORDERED** and **ADJUDGED** that:

1.      Plaintiff's complaint is **DISMISSED WITH PREJUDICE** for failure to comply

        with the Federal Rules of Civil Procedure and because it is frivolous.

2.      The Clerk of Court is directed to mark this case as **CLOSED** and **DENY** any

        pending motions **AS MOOT**.

**DONE** and **SIGNED** in Chambers at West Palm Beach, Florida, this 9th day of February,
2011.


                                                Daniel T. K. Hurley
                                                United States District Judge

*Copies provided to counsel of record*